UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN ANTHONY WHITE p/k/a JACK WHITE and MEGAN MARTHA WHITE p/k/a MEG WHITE, individually and collectively p/k/a the WHITE STRIPES,<br><br>     Plaintiffs,<br><br>  v.<br><br>DONALD JOHN TRUMP, DONALD J. TRUMP FOR PRESIDENT 2024, INC., and MARGO MCATEE MARTIN,<br><br>     Defendants. | Case No.: _____<br><br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

John Anthony White p/k/a Jack White ("Jack White") and Megan Martha White p/k/a Meg White ("Meg White), individually and collectively p/k/a the White Stripes (collectively, "Plaintiffs"), by their attorneys, Manatt, Phelps & Phillips, LLP, allege the following in support of their claims and causes of action against Donald John Trump ("Defendant Trump"), Donald J. Trump for President 2024, Inc. (the "Campaign"), and Margo Mcatee Martin (collectively, "Defendants").

## INTRODUCTION

1. This lawsuit seeks redress for a presidential candidate's flagrant misappropriation of the musical composition and sound recording *Seven Nation Army* (collectively, the "7NA Works") by the White Stripes, which are among the most well-known and influential musical works of all time.

2. Without Plaintiffs' knowledge or consent, Defendant Trump and the other Defendants prepared and published on X f/k/a Twitter, Instagram, and, possibly, other social media

platforms videos of Defendant Trump boarding an aircraft with the tag line "President @realDonaldTrump departs for Michigan and Wisconsin!" and a soundtrack containing nothing more than the 7NA Works' highly-distinctive and immediately recognizable introductory riff (the "Infringing Trump Videos").

3.      The Infringing Trump Videos incorporate the 7NA Works, on information and belief, to burnish Defendant Trump's public image, and generate financial and other support for his campaign and candidacy on the backs of Plaintiffs, whose permission and endorsement he neither sought nor obtained in violation of their rights under federal copyright law.

4.      As a self-professed sophisticated and successful businessman with decades-long experience in the entertainment industry (not to mention being on the receiving end of numerous copyright claims by musical artists whose work he used without permission), Defendant Trump and the other Defendants, his agents, knew or should have known that the use of the 7NA Works in the Infringing Trump Videos was unauthorized, and, therefore, violated Plaintiffs' rights under the Copyright Act.

5.      Defendant Trump and the other Defendants, his agents, also knew or should have known the use was unauthorized and a violation of Plaintiffs' rights under the Copyright Act because Plaintiffs publicly denounced on various social media platforms in 2016 the unauthorized use of the 7NA Works in a pro-Trump campaign video for his first presidential run, stating in no uncertain terms that they were "disgusted by that association."

6.      The new association with Defendant Trump that Defendants have foisted upon Plaintiffs through the Infringing Trump Videos is even more offensive to Plaintiffs because Plaintiffs vehemently oppose the policies adopted and actions taken by Defendant Trump when he was President and those he has proposed for the second term he seeks.

7.      Adding insult to injury, Defendants chose to ignore and not respond to Plaintiffs'

pre-litigation efforts to resolve the matters at issue in this action, leaving Plaintiffs with no choice

but to seek judicial recourse in order to hold Defendants accountable.

8.      Defendants' actions belie their attempts to portray Defendant Trump as a champion

of rights for musical artists.  To the contrary, as demonstrated by his and the other Defendants'

actions, Defendant Trump has indiscriminately trampled on Plaintiffs' legal rights.

9.      Defendants are liable to Plaintiffs for significant monetary damages, attorney's fees,

and costs.

## THE PARTIES

10.      The White Stripes is a world-famous musical group comprised of Jack White and

Meg White.

11.      Jack White is a singer, songwriter, and recording artist who resides in Tennessee.

He wrote the musical composition *Seven Nation Army* in 2003 (the "7NA Composition"), and

obtained a registration – PA0001222338 – of his copyright in this work from the U.S. Copyright

Office effective as of March 29, 2004.

12.      Meg White is a singer, songwriter, and recording artist who resides in Michigan.

She and Jack White, collectively p/k/a the White Stripes, prepared a recording of the 7NA

Composition in 2003 (the "7NA Recording"), and obtained a registration – SR0000350980 – of

their copyright in this work from the U.S. Copyright Office effective as of March 29, 2004.

13.      Defendant Trump is an individual who, upon information and belief, resides in New

York or Florida.

14.      The Campaign is a Delaware corporation, which, upon information and belief, has

its principal place of business in the Borough of Manhattan in New York City.

15.     On information and belief, at all times material herein, the Campaign is and was the

agent of Defendant Trump, and acting within the scope of such agency.

16.     On information and belief, Defendant Margo Mcatee Martin is Deputy

Communications Chief of the Campaign, and resides in Texas.

17.     On information and belief, at all times material herein, Defendant Martin is and was

the agent and/or employee of Defendant Trump and/or the Campaign, and acting within the scope

of such agency and/or employment.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338

because this case involves federal claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq*.

19.     This Court has personal jurisdiction over each of the Defendants.  Defendants,

acting alone or in concert with each other, and/or Defendants' other agents or personal

representatives (a) maintain a principal place of business or otherwise have a substantial presence

in the State of New York; (b) regularly engage in fundraising and other campaign-related activities

in the State of New York or with entities and individuals in the State of New York and in this

District; and/or (c) enter into contracts in and/or perform contracts in the State of New York.

C.P.L.R. 301.

20.     This Court also has personal jurisdiction over Defendants pursuant to Section 302 of

New York's Civil Practice Law and Rules.  Defendants, acting alone or in concert with each other

Defendants, and/or Defendants other agents and/or personal representatives transact business in the

State of New York, and/or supply goods or services in the State of New York, including, for

example, by attending and/or hosting events in the State of New York, and/or by inviting

individuals or entities located in the State of New York to such events, including, among others, a

recent gathering at the Economic Club in New York City and a rally in the Bronx where, on

information and belief, merchandise was also sold.  C.P.L.R. 302 (a)(1).

21.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

### A.    The 7NA Works

22.    Plaintiffs wrote and recorded the 7NA Works in 2003, and released them on the

White Stripes iconic fourth studio album, *Elephant*, winner of that year's Grammy for Best

Alternative Music Album.

23.    The riff in the introduction and elsewhere in the 7NA Works is one of the most

memorable and widely recognized pieces of modern-day music.

24.    Plaintiffs take a great deal of care in deciding whether, to whom, and on what terms

they will license third-party uses of their music, including, especially, the 7NA Works.  Defendants

did not seek a license from Plaintiffs to use the 7NA Works, but, even if they had, Plaintiffs would

not have given them one because Plaintiffs do not endorse, and do not want to be associated with

Defendants in any manner.  Defendants knew or should have known this based on Plaintiffs' very

public statements in 2016 (noted above) making as much abundantly clear.

25.    In total disregard of these considerations and Plaintiffs' rights under federal law,

Defendants decided that they would rather ask for forgiveness than seek permission, and

incorporated the famous riff from the 7NA Works in the Infringing Trump Videos without asking

for authorization to do so.  When Plaintiffs wrote Defendants the week before last about their

wrongdoing, rather than ask for forgiveness, Defendants chose not to respond at all, ignoring

Plaintiffs altogether.

**B.**    **The Infringing Trump Videos**

26.    On or around August 29, 2024, Defendants prepared and published on X, Instagram and, possibly, other social platforms one or more videos comprised of footage of Defendant Trump boarding an aircraft for campaign stops in Michigan and Wisconsin with the riff from the 7NA Works playing for the duration of the video with no other sound whatsoever.  Defendants impermissibly synchronized the riff from the 7NA Works with that footage in the Infringing Trump Videos, on information and belief, for the purpose of, among other things, (i) enhancing Defendant Trump's public image; (ii) infusing energy into and excitement around Defendant Trump's campaign and his upcoming visits to Michigan and Wisconsin; and (iii) attracting engagement, financial, and other support from current and prospective supporters.

27.    On information and belief, the Infringing Trump Videos accomplished Defendants' goals, resulting in at least 65,000 views and 700 reposts in a matter of just a few hours after first appearing on X.  Through discovery, Plaintiffs will determine the amount of financial contributions that are attributable to the Infringing Trump Videos.

28.    By preparing and publishing the Infringing Trump Videos without authorization, Defendants infringed several of Plaintiffs' exclusive rights under the Copyright Act, including their exclusive rights to (i) prepare derivative works based on each of the 7NA Works; (ii) mechanically reproduce the 7NA Composition and otherwise reproduce the 7NA Works; (iii) publicly perform the 7NA Composition; and (iv) publicly perform the 7NA Recording by means of digital audio transmission.  For the reasons set forth above, Defendants' infringement is willful.

## COUNT I

### Direct Copyright Infringement of the 7NA Recording
### (All Defendants)

29.     Plaintiffs reallege and incorporate by reference each and every allegation contained

in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set

forth at length herein.

30.     The 7NA Recording is an original work of authorship that contains and constitutes

copyrightable subject matter under the Copyright Act.

31.     Plaintiffs are legal and beneficial owners of the copyright in the 7NA Recording,

including as reflected in registration SR0000350980 issued by the U.S. Copyright Office.

32.     By their actions, Defendants infringed Plaintiffs' exclusive rights in the 7NA

Recording under the Copyright Act, as set forth in paragraph 28 and elsewhere above.

33.     Defendants' acts of infringement are knowing, deliberate, and willful, and in utter

disregard for Plaintiffs' rights.

34.     Defendants illicitly benefited from the preparation and exploitation of the Infringing

Trump Videos, including, without limitation, as a result of the significant cost savings realized by

avoiding payment of a significant license fee to use an A-list sound recording like the 7NA

Recording; receiving direct and indirect financial contributions from the public in response to the

Infringing Trump Videos; sales of campaign and related merchandise in response to the Infringing

Trump Videos.

35.     Defendants' wrongful conduct has substantially and irreparably harmed Plaintiffs.

36.     Plaintiffs are entitled to injunctive relief prohibiting Defendants, their agents, and

employees from further infringing Plaintiffs' copyrights.

37.      Plaintiffs also are entitled to recover from Defendant the actual damages Plaintiff have sustained and continues to sustain, and any gains, profits, and/or advantages that Defendants obtained as a result of their infringement.

## COUNT II

### Direct Copyright Infringement of the 7NA Composition
### (All Defendants)

38.      Plaintiffs reallege and incorporate by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

39.      The 7NA Composition is an original work of authorship that contains and constitutes copyrightable subject matter under the Copyright Act.

40.      Jack White is a legal and beneficial owner of the copyright in the 7NA Composition, including as reflected in registration PA0001222338 issued by the U.S. Copyright Office.

41.      By their actions, Defendants infringed Jack White's exclusive rights in the 7NA Composition under the Copyright Act, as set forth in paragraph 28 and elsewhere above.

42.      Defendants' acts of infringement are knowing, deliberate, and willful, and in utter disregard for Jack White's rights.

43.      Defendants illicitly benefited from the preparation and exploitation of the Infringing Trump Videos, including, without limitation, as a result of the significant cost savings realized by avoiding payment of a significant license fee to use an A-list musical composition like the 7NA Composition; receiving direct and indirect financial contributions from the public in response to the Infringing Trump Videos; sales of campaign and related merchandise in response to the Infringing Trump Videos.

44.      Defendants' wrongful conduct has substantially and irreparably harmed Jack White.

45.     Jack White is entitled to injunctive relief prohibiting Defendants, their agents, and employees from further infringing his copyrights.

46.     Jack White also is entitled to recover from Defendant the actual damages he has sustained and continues to sustain, and any gains, profits, and/or advantages that Defendants obtained as a result of their infringement.

## COUNT III

### Contributory Copyright Infringement of the 7NA Recording
### (All Defendants)

47.     Plaintiffs reallege and incorporate by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

48.     Defendants, individually and collectively, knew or should have known that the use and exploitation of the 7NA Recording in the Infringing Trump Videos infringed Plaintiffs' rights under the Copyright Act, and nevertheless encouraged, induced, caused, controlled, oversaw, or otherwise materially and/or substantially contributed to the creation, promotion, and/or distribution of the Infringing Trump Videos, including the use of the 7NA Recording in them.

49.     Defendants received a direct financial benefit from their contributory infringement of Plaintiffs' copyright in the 7NA Recording.

50.     Defendants' contributory copyright infringement has substantially and irreparably harmed Plaintiffs.

51.     Plaintiffs are entitled to injunctive relief prohibiting Defendants, their agents, and employees from further infringing Plaintiffs' copyrights.

52.     Plaintiffs also are entitled to recover from Defendant the actual damages Plaintiff have sustained and continues to sustain, and any gains, profits, and/or advantages that Defendants obtained as a result of their contributory infringement.

## COUNT IV

### Contributory Copyright Infringement of the 7NA Composition
### (All Defendants)

53.     Plaintiffs reallege and incorporate by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

54.     Defendants, individually and collectively, knew or should have known that the use and exploitation of the 7NA Composition in the Infringing Trump Videos infringed Jack White's rights under the Copyright Act, and nevertheless encouraged, induced, caused, controlled, oversaw, or otherwise materially and/or substantially contributed to the creation, promotion, and/or distribution of the Infringing Trump Videos, including the use of the 7NA Composition in them.

55.     Defendants received a direct financial benefit from their contributory infringement of Jack White's copyright in the 7NA Composition.

56.     Defendants' contributory copyright infringement has substantially and irreparably harmed Jack White.

57.     Jack White is entitled to injunctive relief prohibiting Defendants, their agents, and employees from further infringing his copyrights.

58.     Jack White also is entitled to recover from Defendants the actual damages he has sustained and continues to sustain, and any gains, profits, and/or advantages that Defendants obtained as a result of their contributory infringement.

## COUNT V

### Vicarious Copyright Infringement of the 7NA Recording
### (All Defendants)

59.    Plaintiffs reallege and incorporate by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

60.    Defendants, individually and collectively, had and/or exercised the right, ability, and authority to (a) control and supervise the creation of the Infringing Trump Videos, including the use of the 7NA Recording therein, and their placement on social media platforms and in other distribution channels, and (b) remove and/or cause the removal of the Infringing Trump Videos from such distribution channels.

61.    Defendants received a direct financial benefit from the exploitation of the 7NA Recording in the Infringing Trump Videos.

62.    Defendants' vicarious infringement of the copyright in the 7NA Recording damaged Plaintiffs.

63.    Plaintiffs are entitled to recover from Defendants the damages Plaintiffs have sustained, and any gains, profits, and advantages that Defendants obtained as a result of their infringing acts.

## COUNT VI

### Vicarious Copyright Infringement of the 7NA Composition
### (All Defendants)

64.    Plaintiffs reallege and incorporate by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

65.     Defendants, individually and collectively, had and/or exercised the right, ability, and authority to (a) control and/or supervise the creation of the Infringing Trump Videos, including the use of the 7NA Composition therein, and their placement on social media platforms and in other distribution channels, and/or (b) remove or cause the removal of the Infringing Trump Videos from such distribution channels.

66.     Defendants received a direct financial benefit from the exploitation of the 7NA Composition in the Infringing Trump Videos.

67.     Defendants' vicarious infringement of the copyright in the 7NA Composition damaged Jack White.

68.     Jack White is entitled to recover from Defendants the damages he has sustained, and any gains, profits, and advantages that Defendants obtained as a result of their infringing acts.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that:

a.     The conduct alleged herein be declared, adjudged, and/or decreed to be unlawful and in violation of the Copyright Act;

b.     The Court issue such injunctive and equitable relief as may be necessary to prevent and restrain Defendants, and all those in active concert or participation with them, from engaging in further unlawful conduct in violation of the Copyright Act;

c.     The Court order Defendants to render a full and complete accounting to Plaintiffs for their profits, gains, advantages, and the value of the business opportunities received from their infringing activities;

d.      Plaintiffs be awarded all damages suffered by them and any profits or gain enjoyed

by Defendants attributable to their infringement of Plaintiffs' copyrights, or statutory damages, at

Plaintiffs' election;

e.      Plaintiffs be awarded pre-judgment and post-judgment interest to the fullest extent

available;

f.      Awarding Plaintiffs their costs and reasonable attorney's fees as applicable; and

g.      The Court order such other, further, and different relief as the nature of the case may

require or as may be determined to be just, equitable, and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

Dated:  New York, New York
        September 9, 2024

                                        MANATT, PHELPS & PHILLIPS, LLP

                                        /s/ Robert A. Jacobs
                                        Robert A. Jacobs
                                        Times Square Tower
                                        7 Times Square
                                        New York, New York 10036
                                        Telephone: (212) 790-4500
                                        Facsimile: (212) 790-4545
                                        Email: RJacobs@manatt.com
                                        *Attorneys for Plaintiffs*